

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

November 28, 2005

FILED

NOV 29 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

G. Allen Dale, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900
South Building
Washington, D.C. 20004-2601

   Re: United States v. Prandy-Binett,
       Criminal No. 05-362M  05-408

Dear Mr. Dale:

   This letter confirms the agreement between your client, Pedro Julio Prandy-Binett, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

*Mr. Prandy-Binett's Obligations, Acknowledgments and Waivers:*

   1.   Your client, Pedro Julio Prandy-Binett, agrees to admit guilt and enter a plea of guilty to Count One of an Information in this matter charging him with distribution of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(C). Your client understands that pursuant to 21 United States Code, Section 841(C), he "shall be sentenced to a term of imprisonment of not more than 20 years . . . ." Your client is subject to a fine of not more than $1,000,000, and is also subject to a term of supervised release of at least three years. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the Court of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine your client's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more

2

convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 1 kilogram of a mixture and substance containing a detectable amount of heroin and for at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, which quantities represent the total amount involved in your client's relevant criminal conduct, including all amounts of heroin and cocaine or other controlled substances your client distributed and possessed with intent to distribute. Specifically, the quantities above represent those amounts your client admitted he distributed to Raven Darnell Carroll prior to Carroll's death on March 8, 2003, those quantities your client distributed to a cooperating individual on November 30, 2004, December 3, 2004, and December 14, 2004, and those quantities your client possessed with intent to distribute on June 23, 2005.

3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Specifically, your client agrees not to contest forfeiture of $5,354.13 in funds from BB&T account 5150987913; $24,138.47 in funds from Montgomery County Teachers Federal Credit Union account 19493, a 2003 Honda Element with vehicle identification number 5J6YH28503L009656, and a total of $40,845.00 in United States currency seized on June 23, 2005 from your client's person and from the premises at 620 Sheridan Street, apartment 417, in Hyattsville, Maryland. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client also agrees that if any illegal firearms or illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

4. The government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office or the government concerning any issue relevant to the imposition of sentence. Pursuant to the ruling in *United States v. Smith*, 27 F.3d 649 (D.C.Cir., 1994), the government will not object to a six month departure based upon your client's status as a deportable alien nor will the United States object to your client being sentenced at the low end of his Guideline range. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the government in this paragraph. Your

3

client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

5. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute. In particular, your client knowingly and voluntarily waives or gives up his right against self-incrimination with respect to the offense(s) to which your client is pleading guilty before the Court which accepts your client's plea. Your client also understands that by pleading guilty your client is waiving or giving up your client's right to be tried by a jury or by a judge sitting without a jury, the right to be assisted by an attorney at trial and the right to confront and cross-examine witnesses.

7. Your client understands that the sentence with respect to Count One of the Information in this case will be imposed after consulting the United States Sentencing Commission's Guidelines Manual and 18 United States Code, § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. Finally, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

4

9. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Moreover, your client waives any right he may have for a jury to determine any and all facts relevant to the application of any Sentencing Guidelines provisions. In addition, to the extent they are not otherwise agreed to by the parties in this agreement or accompanying proffer of evidence, your client consents to a determination of any and all facts relevant to the application of any Sentencing Guideline provision and the application of any and all Sentencing Guidelines factors by the United States District Judge. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations using the preponderance of the evidence standard..

*The Government's Obligations, Acknowledgments and Waivers:*

11. This Office will request that the Court dismiss the Complaint pending against your client in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact and would not provide your client with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," P. L. 105-119 (1997). Your client also agrees and acknowledges that he has been advised that the United States Attorney for the Southern District of New York is seeking an Indictment in which your client may be charged with additional narcotics activity. Your client understands that the United States Attorney for the Southern District of New York is not a party to this agreement and while the criminal activity involved in the charges in this case may be overt acts of any conspiracy charged in the Southern District of New York, your client's plea in this District involves only controlled substances he distributed in the District of Columbia to Raven Darnell Carroll or to a cooperating individual on November 30, 2004, December 3, 2004, and December 14, 2004, and those quantities your client possessed with intent to distribute which were recovered at 620 Sheridan Street in Hyattsville, Maryland, on June 23, 2005.

*General Conditions:*

12. By entering this plea of guilty your client also waives any and all rights your client may have pursuant to 18 United States Code, § 3600, to require DNA testing of any physical evidence in the possession of the government. Your client fully understands that as a result of this waiver any physical evidence in this case will not be preserved by the United States and will therefore not be available for DNA testing in the future.

5

13. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

15. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

BY: *William J. O'Malley Jr.*
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

*Nancy B. Jackson/wom*
NANCY B. JACKSON
Assistant United States Attorney

6

*Defendant's Acceptance*

I have read each of the six (6) pages which constitute this plea agreement and have discussed it with my attorney, G. Allen Dale, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11-29-05

_____
PEDRO JULIO PRANDY-BINETT
Defendant


*Attorney's Acknowledgment*

I have read each of the six (6) pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty and cooperate with the Government as set forth in this agreement.

Date: 11-29-05

_____
G. ALLEN DALE, Esquire
Attorney for the Defendant