UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-05-408-01 (JGP) |
| | : | |
| Pedro Julio Prandy-Binett, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, Pedro Julio Prandy-Binett, by and through counsel, G. Allen Dale, and respectfully submits the following Sentencing Memorandum.

### I. FACTUAL BACKGROUND

On June 23, 2005, Mr. Prandy was arrested by members of the F.B.I. and Officers of the Metropolitan Police Department and charged with possession with the intent to distribute a controlled substance. Upon his first appearance in Court he was ordered held without bond, in which status he has remained.

Mr. Prandy waived preliminary hearing, waived indictment and waived speedy trial while he negotiated a plea agreement with the United States. Pursuant to the terms of a written plea agreement, on November 16, 2005, a one-count Information was filed against him charging distribution of cocaine, in violation of 21 U.S.C. § 841 (a) (1) and (b) (1) (c). On November 29, 2005, Mr. Prandy appeared before this Court and entered a plea of guilty to the one-count Information. The court continued the matter for sentencing, presently scheduled for April 11, 2006.

## II. THE PRE-SENTENCE REPORT AND GUIDELINE COMPUTATIONS

As the court can see from Exhibit 1, a March 4, 2006 letter to probation officer Valencia Fletcher, there were no material factual inaccuracies in the pre-sentence report. Ms. Fletcher portrays this 43-year-old offender as a man who, aside from his involvement in the drug trade, has maintained steady employment and worked hard to provide for his family. The oldest of twelve children, Mr. Prandy grew up in a poor environment in the Dominican Republic, where he started work at age twelve in order to survive. He is the product of a broken home, not knowing the whereabouts of his farther and having sporadic contact with this mother. Although primarily reared by his mother, he at times lived with several other family members during his formative years.

Ms. Fletcher accurately reports that Mr. Prandy has been involved in a long-term relationship with Elisa Llano, and that there are three children as a product of that relationship. Mr. Prandy has three other children from a previous relationship.

Ms. Fletcher accurately computes the advisory sentencing guidelines. The driving force in the guidelines is, of course, the quantity of drugs involved, which provides for a base offense level of 32. The only adjustment is the reduction by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 (a). Because Mr. Prandy has one prior conviction for an arrest some 15 years ago, he is in a criminal history of II, providing for an advisory guideline range from 97 to 121 months. Ms. Fletcher notes that

the parties agreed that, pursuant to *United States* v. *Smith*, 27 F3d 649 (D.C. Circuit 1994), a 6-month departure is appropriate because Mr. Prandy is a deportable alien.[1]

### III. MR. PRANDY'S BACKGROUND

Ms. Fletcher presents a fairly comprehensive background for Mr. Prandy. He was born in 1963, in the Dominion Republic. To say that he grew up in a poor environment is an understatement. He and his eleven siblings began work before they were teenagers, often begging or performing demeaning tasks simply in order to survive. Mr. Prandy does not know where his farther lives other than that he lives in Puerto Rico. His mother has remarried and lives in Florida, but he has only sporadic contact with her. She had first moved to the United States when Mr. Prandy was an infant. He was tossed about from one relative to another until he came to the Washington D.C. area at age 19.

Mr. Prandy has never been married but has been involved in 2 long-term relationships. The first produced three children, Steven age 22, Jacqueline age 16 and Jessica age 15. These three children still live with their mother and Mr. Prandy pays child support for these children. Mr. Prandy is currently engaged in a relationship with Elisa Llano. They have three children, Joshua age 9, Jeremy age 5 and Jeffery age 2. Ms. Llano verifies that Mr. Prandy is a hard working individual who has provided for his family.

---

[1]     Additionally, as we indicate in our March 4, 2006 letter to Ms. Fletcher, Mr. Prandy would benefit from a drug treatment program while incarcerated. Because of his status as a deportable alien, even if allowed to participate in the drug program, which provides inmates with up to a 1-year in reduction in sentence, Mr. Prandy would not receive such a reduction. This may be grounds for the Court to consider an additional departure from the advisory guidelines.

Mr. Prandy attended school in the Dominican Republic and later attended Lincoln High School in Washington D.C. He dropped out in the 9th grade to continue working. Even though he has lived in the United States for some years, his English is limited and, therefore, his ability to communicate with non-Spanish speaking individuals is also limited. Although extremely small in stature (5'5"), possibly due to being malnourished as a child, Mr. Prandy has maintained gainful employment as a plasterer and a construction worker. Unfortunately, with little education, the construction trade did not provide enough income for Mr. Prandy to support his children and he resorted to the only thing he had learned as a child in the Dominican Republic, dabbling in drugs. He began as a courier in 1991 and was promptly arrested and served 2 years in prison. He then was released and performed admirably while on supervised release. After many years of staying clean, his bills mounted and he again reverted to the ill-legal drug trade. Once again he was arrested and is now facing sentencing with the possibility of an extremely lengthy prison sentence.

## V. CONCLUSION AND RECOMMENDATION

The Court has before it a 43-year old second offender who has expressed his remorse and early on agreed to plead guilty.[2] He is the father of six children and a hard working, devoted husband. He, like so many others in his situation, has fallen prey to the quick money afforded by the sale of drugs. Uneducated, boarding on illiterate, he has placed himself in a situation whereby he will leave his children with the same dismal

---

[2]     Mr. Prandy was given an opportunity to cooperate with the Government in an effort to obtain a departure motion pursuant to U.S.S.G. § 5K1.1. Because his brother once cooperated in the Dominican Republic and was killed, Mr. Prandy declined.

outlook that he had as a child – poor and without a father figure. This writer finds this viscous cycle almost sickening.

Regardless of the sentence this Court imposes, Mr. Prandy will be deported after serving the said sentence. It appears from discussions with Mr. Prandys' "common-law" wife, she may relocate to the Dominican Republic with the children after he is deported. One can only hope that they can start a new life there. Given all the facts of this case, the reasons for departure from the voluntary guidelines, the early plea and the fact that Mr. Prandy will be deported, we respectfully pray that this court sentence him to the shortest term of imprisonment the court feels in can justify. We also ask that the court recommend that the bureau of prisons allow Mr. Prandy to complete a drug program, even though he will probably not receive any "good time" credits for it.

Respectfully submitted,

_____/s/_____

G. Allen Dale
Bar No. 954537
601 Pennsylvania Ave NW
Suite 900, South Building
Washington, DC 20004
(202) 638-2900

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing sentencing memorandum has been served by first class mail this 15th day of March 2006 upon the following:

William J. O'Malley Jr., Esquire
555 4th St., NW
Washington, DC 20001

Valencia Fletcher
United Stated Probation Office
United States Courthouse
Washington, DC 20001

/s/

G. Allen Dale

# EXHIBIT

# 1

LAW OFFICES OF

# [D] G. Allen Dale

A PROFESSIONAL CORPORATION

G. Allen Dale
Direct Dial Number
(202) 783-1629

601 Pennsylvania Avenue, NW
Suite 900, South Building
Washington, D.C. 20004

March 4, 2006

Valencia Fletcher
United States Probation Officer
U.S. Courthouse
Washington, DC 20001

   Re: Pedro Julio Prandy-Binett

Dear Ms. Fletcher:

As you can see from the attached Receipt and Acknowledgment of Presentence
Investigation Report, while there are no material factual inaccuracies in the presentence
report you prepared for the Honorable John Garrett Penn, there are a few items which we
believe should be corrected prior to the final report being forwarded to Judge Penn.

Before addressing the corrections, we want to first thank you for the time you have
obviously devoted to the preparation of this report. We find it to be fair and, aside from
the few items we discuss herein, extremely accurate.

One item appears on page one and throughout the report, namely the misspelling of Mr.
Prandy-Binett's name. This is not your fault. I have reviewed various documents filed in
this case and some have the correct spelling, some do not. There is only one "n" in Binett.

On page two, the address is 1713 Landsdowne.

On page 10, at paragraph 43 there is a typo regarding the date of birth.

On page 11 at paragraph 45 you indicate that Mr. Binet is court ordered to pay child
support for Jessica and Jacqueline. Mr. Binet advises that he is court ordered to pay for
Steven and Jessica but pays support for Jacqueline even no court order exists for her.

In paragraph 47 the address should be Landsdowne Way.

In paragraph 55 you indicate that Mr. Binet is $1340 behind in support payments.
Hopefully you can include that he was current until he was arrested. His payments totaled
$297.00 per month and he sent a heck for $300 each month prior to being incarcerated. In
the same paragraph you indicate that counsel is court appointed. Actually I am retained
and Mr. Binet's family is attempting to pay my bills.

Tel: (202) 638-2900  ·  Fax: (202) 783-1654  ·  gallendale@aol.com  ·  www.gallendale.com

Finally, you correctly note that Mr. Binet's status as a deportable alien may warrant a departure from the guidelines. The government has agreed to a six month departure under Smith. Since it appears that Mr. Binet should also benefit from a drug treatment program and would be denied that because of his alien status, there might be additional grounds for departure on that basis.

Again thank you for such a thorough report. If there is anything we can provide you please do not hesitate to call.

Sincerely,


G. Allen Dale

GAD/yr

Enclosure

Cc: William J. O'Malley, Esq.
     Assistant United States Attorney