# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PEDRO BINETT PRANDY                  :
    PETITIONER                         :    CRIMINAL No.  05-0408- JGP
                                :
               V.                       :    CIVIL No. _____
                                :
UNTED STATES OF AMERICA              :    SS: AFFIDAVIT OF
    RESPONDENT.                        :          PEDRO BINETT PRANDY.
                                :

**PETITIONER'S AFFIDAVIT**
**IN SUPPORT OF MOTION TO**
**VACATE, SET ASIDE, OR CORRECT SENTENCE.**

FILED

FEB 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOW COMES Pedro Binett Prandy, Petitioner/Affiant in the above captioned matter and hereby depose and say, pursuant to 28 U.S.C. §1746, under penalty of perjury, the following:

1.  I am the same Pedro Binett Prandy who was previously "Defendant" in the above captioned case of United States of <u>America v. Pedro Binett Prandy</u>, in the United States District Court for the District of Columbia.  Case No.

2.  I was represented by H. Heather Shaner 1702 S. Street, N.W. Washington D.C. 20003,  at arraignment.  At Plea and Sentence I was represented by G. Allen Dale, 601 Pennsylvania Ave. N.W. Suite 900 South Building, Washington D.C. 20004.

3.  At arraignment and the beginning of the case Petitioner hire Counsel H. Heather Shaner to represent him.  Due to the fact that

-1-

Counsel Shaner, insisted that Petitioner cooperate with the authorities under 5K1, and was doing nothing on behalf of Petitioner it was always on the Government's favor. Petitioner decide to withdraw Counsel Shaner. Petitioner clearly stated that his brother cooperate with the Government in other case and was abandon, by Government and killed.

4. Then Counsel G. Allen Dale, was hire to represent Petitioner, and Petitioner after interviewing with Counsel, decided to plead guilty to the offense and advise Counsel that he wanted to plead guilty to the only offense he committed, Petitioner was aware that he sold one quart of a kilogram of cocaine powder to a CI. 250 grams.

5. Counsel advise Petitioner that government advise that if he waive indictment the government will file an information were he will be charge with no drug quantity under 841(A)(b)(1)(C) with a maximum of 20 years. And that he will be able to inform the Court the drug quantity he sold.

6. Under Counsel's advise that the Government was going to be bound by the plea if Petitioner accepted. Then Petitioner plead guilty to the one count information, charging him with 841(A)(b)(1)(C).

7. At plea colloquy Petitioner advise Counsel that there was a mistake. Because the plea agreement, that he was showing him was the same that Counsel Shaner show him before and he rejected. Counsel advise that there was going to be some changes that he had nothing to worry about.

-2-

8.  Then Petitioner heard Counsel stated at plea colloquy that he was going to accept as factual basis, One Kilogram of heroin and 5 kilogram of cocaine.  Petitioner, advise Counsel that he didn't agree with that.  Counsel said that it was just routine, that when the Judge ask him for quantity to state the quantity he sold.

9.  When the Judge went on to advise me of my charge he only said that I plead guilty to an information.  Charging me with distribution of cocaine, that on December 3, 2006 within the District of Columbia I Pedro Prandy, distribute cocaine.  (Plea colloquy transcript page 3, bottom and 4 top) (Exhibit A).

10.  Base on the Court's representation then I believed that Counsel was telling me the truth despite the ambiguous language of the plea agreement that charges me with one count of distribution of cocaine without any specific drug quantity, 841(b)(1)(C) and then states that I am responsible for one kilogram of heroin and 5 kilogram of cocaine.

11.  While the plea colloquy hearing was going on there was a part where the Judge Clarify, under Government's request for record that the document or draft that I was presented with, was the same that Counsel Shaner show me before, and I inform the Court that it was the same, there was where Counsel Dale inform about the changes and once again he clarify this time for the record that I was only charge with cocaine.  (See plea colloquy, pages 13 to 16)(Exhibit B).

-3-

12.    Further on at page 17 and 18, once again I was confuse with the ambiguos language of the plea.   In part one states that I pleaded to distribution of a detectable amount of cocaine, and further es states that I admit 1 kilogram of heroin and 5 kilogram of cocaine. (See page 17 and 18 of plea colloquy)  Counsel once again advise me not to worry that it was part of the routine of the colloquy.


13.    When the government was giving the version of the fact in relevant part the Government states:

> "The December 3 of 2004 is the charge include
> in this information".

in other part states:

> "The events of December 3, Your Honor, occured in
> the District of Columbia, and that would have on
> the government's proffer of proof of trial".

then goes on to state that the elements of the offense under which I pleaded guilty was 841(a)(1) and section 841(b)(1)(C) of title 21 and went on to state that 841(b)(1)(C) carries a maximum of 20 years.   Therefore, once again I was convince that my only charge was the December 3, 2004 sale for 250 grams of cocaine as the Counsel told me.  (See pages 26 and 27 of the plea colloquy).


14.    I also object as to the use of the word cocaine crack by the prosecutor, and was corrected by the prosecutor.  When the Court ask to allocute to the charges in the information that I understand I was pleading I clearly state that I plead to a 250 grams, cocaine sale. (See plea colloquy transcript page 30) further on the Court accepted the plea.

15. At sentencing I argue with Counsel Dale because he didn't review the PSI with me and I wanted him to object to the drug quantity calculation, by the PSI. Once again the issue of the ambiguity of the plea arose and Counsel didn't object. The PSI states on paragraph 31 that the base offense involve multiple types of drugs. Base on the one kilogram of heroin, and five kilograms of cocaine.

16. The plea agreement is ambiguous and the PSI representation is also ambiguous because the PSI states in paragraph 31 that count I of the information states unlawful possession with intent to distribute 21 U.S.C. 841(a)(1) and (b)(1)(C) and then in paragraph 31 states that the drug quantity is Level 32. That is impossible accordingly with the information and the plea.

17. Counsel's didn't object, therefore, I was sentence to 91 months of imprisonment for Counsel's error.

18. After sentencing, I requested my Counsel to appeal. He told me not to appeal because I was going to received a higher sentence. Then I decided to appeal pro-se, and I file a Notice of Appeal pro-se. Suddenly Counsel Dale went to see me at the prison and told me that the Judge sent him to advise of the higher sentence I will be expose to, and he suggest me to tell the Court that a jail house lawyer, induce me to file an appeal, and to dismiss my Notice of Appeal.

19. I know that I didn't waive my rights to appeal. I know that my Counsel have fail to protect my rights before but I get scare to received a higher sentence and signed a paper suggested by Counsel Dale to dismiss my appeal.

-5-

20. When I get to Allenwood Low, I enroll in a Legal Research class in Spanish and I learned about all my Counsel's errors. Therefore, I decided to file an ineffective assistance of counsel claim. Counsel Dale was ineffective, and his errors prejudice me because, I am serving a higher sentence, than the one I plead to because counsel fail to properly advocate for me. Therefore, my sentence should be vacated.

Respectfully Submitted

PEDRO BINETT PRANDY
REG. NO. 16266-016
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this _19_ day of _February_ , 2007