UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PEDRO BINETT PRANDY | : | |
| PETITIONER | : | CRIMINAL NUMBER |
| | : | 05-0408- JGP |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | CIVIL NUMBER |
| RESPONDENT. | : | |
| | : | |

FILED
FEB 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PETITIONER'S PPRO-SE
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

NOW COMES Pedro Binett Prandy, Petitioner Pro-Se in his motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255, and hereby respectfully request this Honorable Court for relief herein based upon the following:

I - CASE HISTORY.

Petitioner was charge with an information. The One Count Information charges the defendant with Unlawful Possession With Intent to Distribute Cocaine 21 U.S.C. 841(a)(1) and (b)(1)(C).

On November 29, 2005, Petitioner plead guilty to Count One of the information in accordance with plea agreement. Under the following conditions: The Petitioner understood that he shall be sentence to a term of imprisonment of not more than 20 years. A fine of no more

-1-

than $1,000,000 a term of supervised release of at least three years and pay a $100 special assesment.

At the time of acceptance of responsibility, and factual basis, Petitioner clearly stated that he was responsible for the distribution of 250 grams of cocaine powder to an informant on December 3, 2004. (See plea colloquy at page 30).

Despite the ambiguous language of the plea agreement, which states that petitioner plead guilty to 1 kilogram of heroin and five kilograms of cocaine, which obviously would be the factual basis for a plea under 841(a)(1) (b)(1)(A) not (b)(1)(C), the only Count of the information alleges conduct for 841(a)(1)(b)(1)(C), without no drug quantity stipulation, and the drug charge is cocaine. There is no heroin in the information (See exhibit A) further more the information clearly, makes refernce to the distribution of cocaine on December 3, 2004, and at plea colloquy, the prosecutor, clearly states that the conduct charge, occurred on December 3, 2004, see plea colloquy at page 28, petitioner also makes reference just to this transaction, in his proffer for factual basis, without any objection from the prosecutor (See plea colloquy at page 30).

Therefore Petitioner believes that counsel was ineffective for failing to advise the Court of the ambiguities of the plea agreement raleted to drug quantity proper statute. Counsel was ineffective for failing to object to the wrong base offense level, information in the Presentence Report, without reliable information, in paragraph 31 PSI

and paragraph 4. Counsel was ineffective for wrongly advise, petitioner that he was send to Jail after sentence by the District Judge in order to have him withdraw his pro-se Notice of Appeal or the Judge will give him a higher sentence.

Accordingly Counsel was ineffective and Counsel's error prejudice Petitioner. Petitioner's sentence should be vacated.

## II - ISSUE.

Petitioner submits that the sole issue presented in his petition for habeas corpus relief is whether the above stated issues constitute per se ineffective assistance of counsel.

## III - RULE OF LAW.

The Sixth Amendment to the United States Constitution, clearly provides a right to have the assistance of counsel in all criminal prosecutions. The evaluation for determining whether an individual fell victim to inedffective assistance of counsel was fully addressed in Strickland v. Washington, 466 U.S. 688, 105 S,Ct. 2052, 80 L. Ed. 2d 674 (1974), where the court held that a defendant asserting an ineffective assistance of counsel claim, must meet the following two prong test:

> (1) The defenant must then show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth----- Amendment.
>
> (2) The defendant must then show the deficient performance prejudiced the defense. This requires a showing that counsel made errors so serious as to deprive the defendant of a fair trial.

According to <u>Strickland</u>, 'a convicted defendant making a claim of ineffective assistance of counsel, umst, identify the acts or the omissions of counsel that (were) not the result of reasonable and professional judgment.' <u>Strickland, Supra</u>, 466 U.S. at 695. As in the present case, the petitioner was denied the right to effective assistance of counsel through-out the remaining judicial process. The ritht to effective assistance of counsel does not end at the conclusion of trial, but, continuos through-out the remaining phases of the process. It is without question that the right to effective assistance of counsel includes, <u>Trial, Sentencing</u>, and <u>Direct Appeal</u>, see <u>Strickland, Supra.</u>

The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceedings. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel in certain Sixth Amendment cases, as will be established in the present case, prejudice must be presumed. In the context of actual or constructive denial of the assistance of counsel, it is legally presumed to result in prejudice. In <u>Childress v. Johnson</u>, 103 F. 3d 1221 (2d. Cir. 1977), the Court held that: "A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading up to counsel's ineffectiveness are so egregious that the defendant was denied any meaningful assistance at all."

Therefore, without <u>Strickland</u>, there would be no question about it, in a nut shell, it is undisputed that the right to effective assistance of counsel includes all stages of the criminal judicial process.

The failure of counsel to object to an improper application of the Sentencing Guideline, may amount to ineffective assistance of counsel. See: United States v. Headley, 923, F. 2d 1079 (3rd. Cir. 1991); also, United States v. Kissick, 69 F. 3d 1048 (10th. Cir. 1995); and, Auman v. United States, 67 F. 3d 157 (8th. Cir. 1995).

The Government must allege drug quantity in the indictment, submit it to the jury, and prove it beyond a reasonable doubt when the government seeks a sentence triggered only by specified drug quantity ranges, pursuant to the statutory provision for enhanced penalties for the offenses of manufactoring or distributing controlled substance. Comprehensive Drug Abuse Prevention and Control Act 1970.
U.S. V. Gonzalez, 254 F. 3d 355 (3th Cir. 2001).

Drug quantity is not an element of possession with intent to distribute offense that a defendant necessarily admits when pleading guilty. Comprehensive Drug Abuse Prevention and Control Act 1970, 401, 21 U.S.C.A. 841.
U.S. v. Thomas, 355 F. 3d 1191 (9th. Cir. 2004).

Counsel fail to advice the court that the amount of cocaine involve should not have exceeded, 500 grams under the plea agreement because it was under statute 841 a(1) b(1)(C) which establish less than 500 grams of cocaine. (See U.S. v. Granados, 168 F.3d 343 (8th. Cir. 1999); U.S. v. Gibson, 356 F.3d 761 (7th. Cir. 2004).

Applying sentencing enhancement based on facts relating to drug quantity that was involved in defendant's drug offense constituted

Sixth Amendment Booker error, where facts supporting enhancement were not alleged in indictment or admitted by defendant who plead guilty, and 260 months sentence did not fall within sentencing guideline range calculated without the improper enhancement, thus, because defendant's sentence constituted plain error that affected his substancial rights, resentence was required. U.S. V. Moore, 190 Fed. Appx 319 (4th. Cir. 2006).

Judge could not make drug quantity findings that increased statutory maximum punishment.
U.S. v. Velasco-Heredia, 319 F.3d 1080 (9th. Cir. 2003).

When the District Court does not comply with rule which requires a district court before imposing sentence to verify that the defendant and his counsel have read and discussed the presentence report filed in defendant's case, the defendant sentence must be vacated and remand for resentencing. Fed. Rules Cr. Proc. Rule 32 c(3)(A). U.S. v. Osborne, 291 F. 3d 908 (6th. Cir. 2002).

The fact that a defendant and his counsel may have discussed issues contained in the defendant's presentence report is insufficient to comply with rule which requires a district court, before imposing sentence, to verify that the defendant and his counsel have read and discussed the presentence report; there must be evidence on the record that the defendant and his counsel have read and discussed the report. Rule 32 c (3)(A). U.S. v. Osborne, 291 F.3d 908 (6th. Cir. 2002).

-6-

## IV - APPLICATION.

Petitioner believes that the instant case, meets the two prongs of <u>Strickland</u>, first of all his counsel's errors were so serious that fell well below standard, in accordance with <u>Strickland v. Washington</u>.

Petitioner plead guilty under counsel's advise and under the believe that he was going to be held responsible as charge in the information, for a drug transaction that occur on December 3, 2004. Accordingly with the Information, the statute governing this offense is Section 841 a(1) and 841 (b)(1)(C) of the United States Code, Title 21. This statute does not carry a minimum mandatory and has a maximum mandatory of 20 years. In accordance with the statute the drug quantity is suppose to be less than 500 grams of cocaine, in accordance with the substance petitioner admitted.

In order for the District Court to sentence under this statute it's suppose to conduct a factual hearing where a drug quantity has to be reach, but cannot exceed the 500 grams if is cocaine the substance, as in the instant case.

Erroneously the ambiguous plea agreement establish in the first page that petitioner plead guilty to the information, and that his offense occurred on December 3, 2004, but erroneously calculate his drug quantity establish that petitioner is accountable for 1 kilogram of heroin, and 5 kilograms of cocaine. This statement regarding drug quantity, is contrary to the Information, petitioner plead to, because as above stated, he plead guilty to 841 a(1) and b(1)(C) which carries a drug quantity less than 500 grams.

-7-

Counsel for petitioner didn't object, as to the ambiguities of the plea colloquy despite that this information, was read to petitioner who does not has any kind of knowledge in law matters. Nonetheless, when the Court personally allocute petitioner he admitted to be involve on December 3, 2004, with a cocaine transaction of 250 grams. (See plea colloquy at page 30 ).

When prosecutor establish the basis for the plea, clearly establish that the offense that was being charge to petitioner occurred on December 3, 2004. (See plea colloquy at page 28 ).

Counsel for petitioner did clarify that the only substance involve was cocaine, (See plea colloquy page 15) but when the Court read the factual basis of the plea agreement, mention the one kilogram of heroin and the 5 kilograms of cocaine and counsel didn't object, neither advise the court that under the terms of the plea to the information this drug quantity was not possible. The only drug quantity possible under petitioner's plea, was either the 250 grams that he admitted, to distribute, or less than 500 grams that was the only drug quantity allowed by statute.

Counsel fail to read and review the PSI with petitioner, therefore, it was impossible for petitioner to argue the wrong calculation of drug quantity by the PSI Officer. Accordingly with the PSI, petitioner was accountable for 1 kilogram of heroin, and 5 kilograms of cocaine. And therefore the PSI converted the different substance in the equivalent of marijuana. This was an error, because in the plea colloquy hearing, was establish that there was no heroin involve,

-8-

(Plea colloquy transcript page 15), that petitioner plead to cocaine, not even cocaine base "crack" as the prosecutor improperly stated on the plea colloquy hearing, and correct it under petitioner's personal objection without the assistance of counsel.

Counsel fail to object to this errors.

Counsel fail to object to the District Court's failure to inquire with petitioner whether counsel review the PSR with petitioner on violation of Rule 32 (C)(3)(A).

After sentence petitioner requested Counsel to appeal on the fact that he did not agreed with the sentence and that petitioner had some concern regarding drug quantity. Counsel advise petitioner not to appeal because it may end having a harsher sentence because the Judge was willing to give him a larger sentence.

Petitioner agreed with counsel that it may be truth that the Judge might want to give him a harsher sentence, and decided not to appeal. Later when petitioner get to jail he filed a pro-se Notice of Appeal, and requested the Judge as the Judge stated at sentencing that:

**The Court:**

> "Mr. Prandy, I will advise you that you do have a right to take an appeal in this case. Any appeal must be taken within 10 days of this date. If you wish to take an appeal, I'm sure if advise Mr. Dale, he will see to it that your Notice of Appeal is filed."
>
> "But if for any reason Mr. Dale is either unwilling or unable to assist you in taking an appeal, if you advise me within 10 days then I would see to it that your Notice of Appeal is filed. Do you understand?"
> (See sentencing transcript page 18).

-9-

Taking this advise petitioner filed a pro-se Notice of Appeal, and advise of his conflict with Counsel and requested new Counsel. Suddently Mr. Dale appear in jail, advising petitioner that if he appeal he should remember that the Judge is waiting for him to enhance even more his sentence and counsel, suggested that in order to be right with the Court, that petitioner should say that it was a jail lawyer who push him to file the Notice of Appeal, and to dismiss the Notice. Petitioner was once again with some concerns, and due to the fact that the Court send the same counsel, even though that petitioner requested his counsel to be change, petitioner was affraid and did as counsel told him.

Petitioner later on through the proper research in the law library discover that counsel was just trying to avoid his responsibility because petitioner had no more money to offer. That's why petitioner now file this claim.

Counsel for petitioner allowed, petitioner's now drug related money to be seized, and didn't recovered, petitioner's car, as he agreed to. The District Court advise petitioner at guilty plea hearing that the money and the car, was suppose to be litigate, in further moment, but up to now Counsel has never advise what happen with his property.

For all the above stated Counsel was ineffective and petitioner was prejudice.

The second prong of Strickland is also met, due to the fact that counsel's error provoked that petitioner were sentence to a 91 months sentence, totally out of the proper sentencing range. Accordingly with petitioner's plea to the Information and the offense conduct of his December 3, 2004 cocaine distribution count, his sentencing level under 841 a(1) and b(1)(C) status is Level 20. accordingly with guidelines, minus three for acceptance of responsibility equals 17 Category II will be 27-33 months.

Accordingly petitioner's sentence should be vacated.

## V - CONCLUSION.

Under petitioner's believes, counsel fail to familiarize with the Guidelines, and fail to properly research the 841 a(1) and b(1)(C) statute in order to discover the ambiguity on the plea agreement. Counsel didn't properly investigate how this statute governed my plea agreement in order to advise the Court that there was a drug quantity error that needed to be resolve before sentence. The case record clearly demonstrate that the government can only prove that I participate in a drug transaction on December 3, 2004, for the distribution of 250 grams of cocaine, in an ongoing investigation, which I was not the target. Therefore, the government decided to file an information, to which I plead guilty, base on the December 3, 2004 transaction, it is clearly on he face of the information. Being the fact that the government choose to charge me under 841 a(1) and 841 b(1)(C) it is than clear that they can't prove more than 500 grams of cocaine. The bulk of the evidence on record demonstrate my representation. It

was counsel's error to allowed that the 1 kilogram of heroin, and 5 kilograms of cocaine, mislead the district court, because counsel was aware that this quantity was first bargain by counsel Shaner, the counsel that I dismiss in order to hire him. (See plea colloquy transcript hearing page 15). But didn't correct this information that is highly in contradiction with the information I pleaded to. Accordingly the Counsel's mistake that has been identify by petitioner and properly developed, has prejudice petitioner who is now serving an improper sentence.

Accordingly, for the best interest of fairness, integrity and reputation of justice, sentence should be vacated, motion should be granted.

## VI - RELIEF SOUGHT.

Petitioner Pedro Binett Prandy respectfully request this Honorable Court for the following relief:

A) And ORDER remanding petitioner to the district court to prove Counsel's errors and prejudice, and sentence vacated. Or in the alternative that sentence be vacated and remanded for resentence under the proper sentencing range, in accordance with the Information Count and drug admitted.

C) If said evidentiary hearing is ORDERED because a further factual inquiry is necessary to resolve this claim pursuant to this Circuit's declaration in Murchu v. United States, 926 F. 2d 50 (1st Cir. 1991), Petitioner is respectfully requesting appointment of counsel pursuant to 18 U.S.C. §3006A(2)(B), or

C) Any other further relief that this Honorable Court deems just and appropriate and in the interest of justice.

Finally, in addition to the above requested relief, Petitioner respectfully submits that he is intitled to five procedural protections when bringing a habeas corpus in forma pauperis. They are:

    1) Process issued and served;

    2) Notice of any motion thereafter made by Defendant/ Respondent or the Court to dismiss the complaint and the grounds therefore;

    3) An opportunity to at least submit a written memorandum in opposition to such motion;

    4) In the event of dismissal, a statement of the grounds therefore; and

    5) An opportunity to amend the complaint to overcome any deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment. Noll v. Carlson, 809 F. 2d 1446 (9th. Cir. 1987); see also Federal Rules of Civil Procedure 15(a) (habeas corpus petitions may be "amended or supplemented as provided in the rules of procedures applicable to civil actions"); Littlejohn v. Artuz, 271 F.3d 360, 363 (2nd. Cir. 2001).

Done this _19_ day of _February_, 2007

Respectfully Submitted

PEDRO BINETT PRANDY
REG. NO. 16266-016
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887