3

1  guidelines that Mr. Binnett will be accountable for a kilogram
2  of heroin and five kilograms of cocaine.  The government has
3  agreed that Mr. Binnett should receive a three-level decrease
4  in the offense level under 1B1.3 of the guidelines for
5  acceptance of responsibility and the government will also not
6  object to a six-month departure pursuant to United States
7  versus Smith because Mr. Binnett is a deportable alien.
8          Those are the terms of the plea agreement, Your
9  Honor.
10         THE COURT:  All right.  Mr. O'Malley.
11         MR. O'MALLEY:  May we approach the bench?  I believe
12 the court may have the capacity so that Mr. Prandy-Binnett can
13 overhear our conversation at the bench if that is possible.
14         THE COURT:  All right.  I take it that it is clear
15 that Mr. Binnett does understand English.
16         MR. DALE:  That is correct, Your Honor, he does.
17         THE COURT:  All right.
18    (Sealed Bench conference on the record in separately page-
19 numbered transcript.)
20         THE COURT:  Are we ready to proceed, counsel?
21         MR. DALE:  Yes, Your Honor.
22         THE COURT:  Mr. Binnett, this matter is before the
23 court for the purpose of an arraignment because the government
24 has filed an information which is dated November 16, 2005,
25 charging you with unlawful distribution of cocaine.  The

FILED
FEB 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CR 05-408-01-JGP
Exhibit

Exhibit B

4

1  information reads that on or about December 3, 2004, within the
2  District of Columbia Pedro Julio Prandy-Binnett, also known as
3  Pepe, did unlawfully, knowingly, and intentionally distribute a
4  mixture and substance containing a detectable amount of
5  cocaine, a schedule II narcotic drug control substance.
6           Before we go forward at this point, this charges you
7  with a felony, and this having charged you with a felony, you
8  do have a right to have this matter submitted to a federal
9  grand jury in this court.
10          If this is submitted to a grand jury, the prosecutor
11 would present evidence to the grand jury.  After they have
12 heard the evidence in the information, the grand jury would
13 make a determination as to whether or not there is probable
14 cause to believe that a crime has been convicted and that you
15 committed that crime.  If the grand jury concluded that the
16 government has not made out that case, then they would not
17 indict you, "indict you" meaning they will not charge you and
18 the case couldn't go forward.  On the other hand, if the grand
19 jury determined that the government had made out a case, then,
20 of course, you would be charged in an indictment and you would
21 be before the court.
22          Today you come before the court on an information and
23 this is the charge against you over the signature of the U.S.
24 attorney.  The matter has not been submitted to a grand jury.
25          My question to you, first, Mr. Binnett, is have you

# PROOF OF SERVICE

I certify that on 2/19/07 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

```
U.S. DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
DISTRICT OF COLUMBIA
555 4th STREET N.W.
WASHINGTON, D.C. 20001-2733
```

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 2/19/07 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 2/19/07

```
PEDRO BINETT PRANDY
REG. NO. 16266-016
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887
```

Rev. 09/05